UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

JAMES EDWARD HIATT,                )
                                   )
            Petitioner,            )
                                   )
v.                                 )    Nos.:  3:19-CV-392-TAV-DCP
                                   )           3:16-CR-24-TAV-DCP-1
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

## MEMORANDUM OPINION

This action is before the Court on petitioner's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1][1] and motion to amend [Doc. 16]. With respect to the § 2255 motion, the government filed a response [Doc. 9], and petitioner filed a supplement [Doc. 7] and a reply [Doc. 17]. These motions are now ripe for resolution.

Based on the record before the Court, it appears petitioner is not entitled to relief; therefore, it is not necessary to hold an evidentiary hearing.[2]  Accordingly, petitioner's § 2255 motion [Doc. 1] will be **DENIED**.  Additionally, as discussed *infra*, petitioner's motion to amend [Doc. 16] will also be **DENIED**.

---

[1]  Citations in this opinion refer to petitioner's civil case unless otherwise noted.  *But see infra* note 3.

[2]  An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the petitioner is not entitled to relief.  *See* 28 U.S.C. § 2255(b).  Petitioners possess the ultimate burden to sustain their claims by a preponderance of the evidence.  *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citations omitted).  Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

# I.     Background[3]

In December 2015, federal law enforcement began investigating petitioner for child-pornography-related offenses [Doc. 34 ¶¶ 14–16, 21]. After accessing and downloading images of child pornography from petitioner's computer, on January 19, 2016, officers executed a search warrant at petitioner's residence and seized various computer equipment [*Id.*]. Officers also interviewed petitioner at this time, and petitioner allegedly provided certain incriminating statements, including that he had downloaded child pornography for over 20 years [*Id.* ¶¶ 17, 22]. Later, forensic personnel extracted from petitioner's computer thousands of images and videos of child pornography, and several images depicted sadism or masochism, toddlers or infants, or both [*Id.* ¶¶ 23–25].

Based on these facts, a grand jury indicted petitioner on two counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Counts One and Two) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three) [Doc. 1]. Petitioner had an initial appearance before United States Magistrate Judge H. Bruce Guyton and waived his right to a detention hearing [Docs. 4, 7], and Judge Guyton ordered that petitioner receive pretrial detention [Doc. 8]. During pretrial detention, through counsel, petitioner moved for and the Court granted five trial continuances [Docs. 15, 17, 19, 22, 24]. The primary reasons stated for

---

[3] Citations in this Part refer to petitioner's criminal case unless otherwise noted.

the continuances were that counsel was involved in good faith plea negotiations and needed time to prepare for trial [*See id.*].

On April 10, 2017, petitioner filed a plea agreement [Doc. 25]. In his plea agreement, petitioner agreed to plead guilty to Counts One and Two [*Id.* ¶ 1]. In consideration of petitioner's guilty plea, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), the government agreed to dismiss Count Three [*Id.* ¶ 2; *see* Doc. 1]. Additionally, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agreed that certain provisions of the sentencing guidelines did and did not apply [Doc. 25 ¶ 6]. Pertinently, the parties agreed that the offense involved prepubescent minors for purposes of U.S.S.G. § 2G2.2(b)(2) and material depicting sadistic or masochistic conduct or other violence for purposes of U.S.S.G. § 2G2.2(b)(4) [*Id.*]. The plea agreement informed petitioner that the Court could reject the Rule 11(c)(1)(B) provisions and refuse to apply the guidelines as stated, and that if so, petitioner would not have the right to withdraw his guilty plea [*Id.*]. The parties made no agreement as to the vulnerable victim enhancement under U.S.S.G. § 3A1.1(b) [*See id.*].

On May 16, 2017, the Court held a change of plea hearing to receive petitioner's guilty plea [*See* Doc. 63]. The Court first verified that petitioner comprehended the nature and purpose of the hearing and was competent to enter a guilty plea [*Id.* at 2–4]. The Court then verified that petitioner understood his rights and the terms of the plea agreement [*See generally id.*]. Pertinently, petitioner indicated he understood the Rule 11(c)(1)(B) provisions, that such provisions were only recommendations that did "not bind the Court,"

3

and that petitioner had no right to withdraw his guilty plea if the Court refused to follow the recommendations [*Id.* at 9–10]. Petitioner also indicated he understood his Rule 11(c)(1)(A) provision, that such provision did not bind the Court, and that if the Court rejected the plea agreement as to this provision, petitioner would have the right to withdraw his guilty plea [*Id.* at 11–12]. The government then summarized petitioner's offense conduct, and petitioner agreed with the government's summary [*Id.* at 12–16]. Thereafter, the Court accepted petitioner's guilty plea; however, the Court deferred its decision as to whether to accept the plea agreement [*Id.* at 12, 20].

On August 17, 2017, the probation office filed a presentence investigation report (the "PSR") [Doc. 34]. The PSR states that petitioner suffered from various mental ailments, including bipolar disorder, anxiety, and depression [*Id.* ¶ 60]. The PSR further recites that petitioner received an honorable discharge and is retired from the United States Army [*Id.* ¶ 61]. Additionally, the PSR states that petitioner most recently had been employed at Strata-G as an IT Specialist and that petitioner has multiple certificates and an associate's degree in computer science [*Id.* ¶¶ 63–64].

Furthermore, the PSR calculated petitioner's offense level [*Id.* ¶¶ 31–46]. Petitioner's base offense level was 22 under U.S.S.G. § 2G2.2 [*Id.* ¶ 33]. However, petitioner received various enhancements. Notably, petitioner received a two-point enhancement under U.S.S.G. § 2G2.2(b)(2) because the images and videos depicted a prepubescent minor under 12 years of age [*Id.* ¶ 34]. Moreover, petitioner received a four-point enhancement under U.S.S.G. § 2G2.2(b)(4)(A) because the images and videos

4

depicted sadism or masochism [*Id.* ¶ 36]. Petitioner also received a two-point enhancement under U.S.S.G. § 3A1.1(b)(1) because the offense involved vulnerable victims, namely, infants or toddlers [*Id.* ¶ 39]. After these and other enhancements and a three-point reduction for acceptance of responsibility, the PSR calculated petitioner's total offense level as 36 [*Id.* ¶¶ 33–46]. Paired with petitioner's criminal history category of I, the PSR calculated petitioner's sentencing guidelines range as 188–235 months [*Id.* ¶ 67].

Counsel objected to this calculation via written submissions and oral argument at petitioner's sentencing hearing [*See* Docs. 38, 44; Doc. 58 pp. 4–10, 13–15]. Counsel argued that the vulnerable victim enhancement could not apply because U.S.S.G. § 2G2.2(b)(4) provides for an enhancement on the basis of images or videos depicting: (A) sadism or masochism; *or* (B) infants or toddlers [Doc. 58 pp. 4–10, 13–15]. Counsel noted that if the Court applied the infants or toddlers alternative instead of the sadism or masochism alternative, it could not also apply the vulnerable victim enhancement on the basis of age because the guidelines expressly precluded doing so [*Id.*]. Therefore, counsel argued the Court could not selectively apply the sadism or masochism alternative simply so it could also apply the vulnerable victim enhancement [*Id.*]. Alternatively, counsel argued the vulnerable victim enhancement could not apply on the basis of age because the enhancement for involvement of prepubescent minors also applied [*Id.* at 6].

Separately, counsel argued for a variance via written submissions and oral argument [*See* Doc. 48; Doc. 58 pp. 15–20]. As grounds, *inter alia*, counsel highlighted widespread policy disagreements with sex-offense guidelines and petitioner's military history and

5

history of mental illness [Doc. 58 pp. 15–20]. At the sentencing hearing, during the government's response to counsel's motion for a variance, the government noted petitioner's admission during his law enforcement interview that he had downloaded child pornography for over 20 years [*Id.* at 20–21]. In rebuttal, counsel disavowed that petitioner ever made that admission, stating that 20 years prior, petitioner would have been 12 years old and did not even have a computer [*Id.* at 23].

At the sentencing hearing, after considering the parties' written and oral submissions, the Court overruled petitioner's objection to the PSR and applied the vulnerable victim enhancement [*Id.* at 29–32]. The Court reasoned that the plain meaning of the guidelines permits the Court to apply both the sadism or masochism enhancement and the vulnerable victim enhancement even when some images involve infants or toddlers [*Id.* at 30–31]. The Court also noted that applying both guidelines was particularly appropriate in this case because some images involved depictions of infants or toddlers while other images involved sadism or masochism but not infants or toddlers [*Id.* at 31]. Thus, the Court applied the PSR's guidelines calculation [*Id.* at 32].

However, the Court granted petitioner's motion for a downward variance [*Id.* at 42]. The Court thoroughly considered the § 3553(a) factors [*See id.* at 32–42]. Pertinently, the Court recognized that the offense was serious and contributed to the supply of child pornography [*Id.* at 33–34, 36, 41–42]. However, the Court also considered petitioner's military, employment, and mental health history [*Id.* at 34–36]. The Court noted petitioner's argument that he did not admit to possessing child pornography for over 20

6

years; however, the Court stated that "irrespective of that argument, . . . the vast amount of images and the nature of those images . . . all reflect[] upon the seriousness of the offense conduct" [*Id.* at 36]. Finally, the Court noted that counsel's argument regarding the vulnerable victim enhancement further supported a variance [*Id.* at 41–42].

Therefore, the Court imposed a below-the-guidelines sentence of a term of imprisonment of 168 months and a term of supervised release of 14 years as to Counts One and Two to run concurrently [Doc. 56]. Petitioner appealed his sentence, and the Sixth Circuit affirmed the Court's judgment [Doc. 65]. Petitioner then filed the instant § 2255 motion [No. 3:19-CV-392 Doc. 1] and subsequently a motion to amend his § 2255 motion [No. 3:19-CV-392 Doc. 16].

## II.    Motion to Amend

Petitioner seeks to amend his § 2255 motion to include an additional argument for relief and abandon one previously-stated argument [Doc. 16]. "A motion to amend a § 2255 motion is governed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend a pleading should be 'freely give[n] . . . when justice so requires.'" *United States v. Clark*, 637 F. App'x 206, 208 (6th Cir. 2016) (alterations in original) (quoting Fed. R. Civ. P. 15(a)(2)). However, "justice does not require the court to grant leave to file a futile amendment." *Rich v. United States*, No. 1:02-CV-317, 2005 U.S. Dist. LEXIS 46347, at *8 (W.D. Mich. July 5, 2005) (citations omitted). An amendment raising a new argument is futile if it would not survive a motion to dismiss. *United States v. Wiggins*,

7

Nos. 2:16-CR-20664-1, 2:20-CV-10019, 2021 U.S. Dist. LEXIS 107891, at *5 (E.D. Mich. June 9, 2021) (citation omitted).

The Court will consider petitioner's newly-raised argument in order to determine whether the proposed amendment is futile. For the reasons described in Part III.C.3.b, the Court finds petitioner's additional argument is futile. Therefore, petitioner's motion to amend [Doc. 16] is **DENIED**.

## III.    Section 2255 Motion

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[] . . . ." 28 U.S.C. § 2255(b). To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

The petitioner has the burden to prove he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Particularly, the petitioner must demonstrate a "'fundamental defect' in the proceedings which necessarily results in a complete

8

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citation omitted). The Court notes that petitioner is acting pro se. "It is . . . well-settled that '[t]he allegations of a pro se habeas petition . . . are entitled to a liberal construction . . . .'" *Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (alteration in original). Therefore, the Court will liberally construe petitioner's motion.

Petitioner's motion presents arguments that counsel was ineffective, and these claims are cognizable under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must identify specific acts or omissions to prove that counsel's performance was deficient as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003) (citations omitted); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must establish "a reasonable probability that, but for counsel's [deficient acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no

9

effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland*], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (citation omitted).

Petitioner presents numerous grounds for § 2255 relief. As discussed *infra*, petitioner has provided no ground that supports § 2255 relief, and therefore, petitioner's § 2255 motion [Doc. 1] will be **DENIED**.[4]

### A. Alleged Errors Before Petitioner's Guilty Plea

#### 1. Pretrial Detention

Petitioner argues counsel was ineffective for causing petitioner to waive his right to a pretrial detention hearing [Doc. 6 pp. 7–10, 32]. Petitioner specifically argues that after he waived his right to an immediate detention hearing, petitioner asked counsel about requesting a detention hearing [*Id.* at 7–8]. Petitioner avers counsel refused to request a detention hearing, and petitioner "felt he had no choice but to acquiesce . . . for fear that . . . [counsel] would further retaliate or cause damage to [petitioner's] defense . . . ." [*Id.* at 8]. Petitioner suggests he could have demonstrated he was entitled to pretrial release at a

---

[4] Petitioner originally argued appellate counsel was deficient for failing to communicate with petitioner regarding his appeal and presenting certain issues on appeal [Doc. 1 p. 8; Doc. 6 p. 13]. However, the Court need not consider these arguments because petitioner has unequivocally withdrawn them [Doc. 16 p. 10; Doc. 17 p. 17]. Though, the Court notes that petitioner has not even alleged let alone established that any changes regarding appellate counsel's alleged errors would have "changed the result of" petitioner's appeal. *See United States v. Valentine*, 488 F.3d 325, 338 (6th Cir. 2007).

10

detention hearing, and upon release, he would have had greater access to counsel and legal resources that would have aided him at trial [*Id.* at 10; Doc. 17 pp. 1–4].

The Court finds that petitioner has not demonstrated prejudice. The question in a § 2255 proceeding is whether the petitioner is *currently* in custody in violation of the petitioner's rights. *See* 28 U.S.C. § 2255. However, even if counsel had argued for and attained pretrial release for petitioner, that pretrial release would have had no bearing on petitioner's eventual sentence. *See United States v. Groenendal*, No. 1:11-CR-260, 2020 U.S. Dist. LEXIS 99763, at *86 (W.D. Mich. June 8, 2020) (stating that "even a successful challenge" regarding pretrial detention would not entitle the petitioner to § 2255 relief because pretrial detention does not affect the ultimate sentence); *United States v. May*, Nos. 7:15-11-DCR-2; 7:18-87-DCR, 2019 U.S. Dist. LEXIS 26890, at *4 (E.D. Ky. Feb. 20, 2019) (same).

The Court rejects petitioner's argument that he would have had greater access to legal resources outside of pretrial detention. A defendant in pretrial detention who is represented by counsel may not later obtain § 2255 relief based on the argument that access to resources would have been superior outside detention. *See United States v. Williams*, Nos. 7:14-15-DCR, 7:16-176-DCR, 2017 U.S. Dist. LEXIS 9548, at *10–11 (E.D. Ky. Jan. 24, 2017); *see also United States v. Williams*, Nos. 7:14-15-DCR, 7:16-176-DCR, 2016 U.S. Dist. LEXIS 182783, at *38–40 (E.D. Ky. Nov. 16, 2016) (recognizing that prisoners have the right to access the courts but suggesting represented prisoners have no right to access legal resources). Regardless, petitioner has failed to explain how any

11

resources he could have accessed would have affected his sentence. *See Savoca v. United States*, No. 1:06-CV-1747, 2008 U.S. Dist. LEXIS 27244, at *13 (N.D. Ohio Mar. 31, 2008) ("[A]llegations of prejudice must be specific, concrete and supported by the evidence—vague, speculative, or conclusory allegations will not suffice." (citation omitted)). Having determined that petitioner failed to demonstrate prejudice, the Court need not consider whether counsel's performance was deficient. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (citation omitted).

### 2. Continuances

Petitioner argues counsel was ineffective because she filed five motions to continue petitioner's trial [Doc. 6 pp. 10–11, 50–54]. Petitioner asserts he did not consent to these continuances and that such continuances were not in petitioner's interests because counsel did not perform any work during the continuances [*Id.*].

The Court finds petitioner has failed to demonstrate deficient performance. While petitioner faults counsel for filing motions to continue, petitioner does not explain how counsel's performance was deficient. To the contrary, the motions reflect that the continuances were necessary so counsel could receive relevant records and negotiate petitioner's plea agreement [*See, e.g.*, No. 3:16-CR-24 Doc. 21].

Moreover, the Court finds petitioner has failed to demonstrate prejudice. Petitioner does not even argue the continuances affected his sentence, and therefore, he has not met his burden to demonstrate prejudice. *See also Jenkins v. United States*, No. 4:17-CV-124-SEB-DML, 2018 U.S. Dist. LEXIS 142214, at *15–16 (S.D. Ind. Aug.

12

20, 2018) (finding counsel was not ineffective for filing multiple motions to continue the trial when the petitioner failed to demonstrate prejudice as to his speedy trial rights).

### 3. Failure of Counsel to Coordinate with Petitioner and Secure a Psychosexual Evaluation

Petitioner next provides three somewhat unrelated arguments. First, petitioner argues that despite petitioner's requests, counsel failed to obtain a psychosexual evaluation of petitioner that could have assisted with his defense at a potential trial [Doc. 1 p. 7; Doc. 6 pp. 11–13, 27–28, 61; Doc. 17 p. 7]. Second, petitioner argues counsel failed to provide him with discovery [Doc. 6 p. 12]. Third, petitioner argues counsel only visited him five times during his pretrial detention [*Id.*].

The Court finds petitioner has failed to demonstrate deficient performance. With respect to each of these arguments, petitioner has failed to delineate how counsel's performance was deficient. The Court also finds petitioner has failed to establish prejudice. While petitioner does state in a conclusory manner that he "would have went down a different avenue in regards to his case and it's [sic] subsequent outcome" without these alleged errors [*Id.* at 12–13], petitioner has not explained how any of these alleged deficiencies—singly or in combination—affected his sentence. *See Savoca v. United States*, No. 1:06-CV-1747, 2008 U.S. Dist. LEXIS 27244, at *13 (N.D. Ohio Mar. 31, 2008) ("[A]llegations of prejudice must be specific, concrete and supported by the evidence—vague, speculative, or conclusory allegations will not suffice." (citation

omitted)).[5]  What is more, petitioner's contentions are meritless.  *See generally Mell v. Skipper*, No. 2:18-CV-11971, 2019 U.S. Dist. LEXIS 83262 (E.D. Mich. May 17, 2019) (holding the petitioner failed to show that counsel's failure to visit the petitioner more frequently in jail caused prejudice); *United States v. Watson*, Nos. 2:13-CR-8-ART-REW, 2:14-CV-7384-ART-REW, 2015 U.S. Dist. LEXIS 166825 (E.D. Ky. Oct. 29, 2015) (holding the petitioner failed to show his lack of access to discovery affected his decision to enter a guilty plea and stating no authority requires that a represented defendant receive discovery materials (citations omitted)); *Kidd v. United States*, Nos. 1:12-CV-358, 1:10-CR-114, 2013 U.S. Dist. LEXIS 178641 (E.D. Tenn. Dec. 20, 2013) (holding the petitioner failed to show how his attorney's failure to request a mental evaluation caused prejudice when the court was otherwise aware of his mental health).

## B.    Alleged Errors Regarding Petitioner's Guilty Plea and Withdrawal

### 1.    Counsel's Conduct During Plea Bargaining

Petitioner argues counsel committed several errors during plea bargaining. Foremostly, petitioner argues counsel erroneously informed petitioner that his plea agreement would be binding on the Court, that no enhancements would apply other than those listed in the Rule 11(c)(1)(B) provisions in petitioner's plea agreement, and that

---

[5]  Petitioner does argue a psychosexual evaluation would have "weighed heavily" in the Court's § 3553(a) analysis at sentencing, particularly with respect to petitioner's state of mind [Doc. 17 p. 7].  The Court rejects this argument because, at sentencing, the Court conducted a detailed § 3553(a) analysis and considered petitioner's mental health conditions [No. 3:16-CR-24 Doc. 58 pp. 17–18, 34–35, 42].  Therefore, the Court finds no prejudice because there is no reasonable probability that a psychosexual evaluation would have affected petitioner's sentence.

14

petitioner would receive a sentence corresponding to a total offense level of 34 [Doc. 6 pp. 3–5, 12, 16–17, 23–24, 40–41]. Petitioner claims he only learned that his plea agreement was not binding and that he could receive additional enhancements after his change of plea hearing when he discovered the PSR applied the vulnerable victim enhancement, and petitioner asserts he would not have pleaded guilty had he received this information sooner [*Id.* at 17–20]. Petitioner argues that because the vulnerable victim enhancement increased his guidelines range, petitioner necessarily would have received a lower sentence if the enhancement had not applied [*Id.* at 17–18]. Separately, petitioner argues counsel used "fear coupled with desperation" to cause him to accept a plea agreement [Doc. 1 p. 11].

The Sixth Amendment right to counsel applies during the plea-bargaining process. *Shakir v. United States*, Nos. 3:17-CV-1, 3:17-CV-2, 2019 U.S. Dist. LEXIS 195943, at *18 (M.D. Tenn. Nov. 12, 2019) (quoting *Lafler v. Cooper*, 566 U.S. 156, 162 (2012)). Thus, the *Strickland* standard applies when a petitioner argues counsel was ineffective during plea bargaining. *Id.* at 19 (quoting *Hill v. Lockhart*, 472 U.S. 52, 58 (1985)). To demonstrate prejudice in this context, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Lafler*, 566 U.S. at 163).

The Court finds that petitioner has not demonstrated prejudice. First, the Court rejects petitioner's argument that he would not have entered his plea if he had known that additional sentencing enhancements could apply. At petitioner's change of plea hearing,

15

after the Court verified petitioner's competence and understanding of the proceeding, petitioner affirmed that he understood his plea was not binding and that the Court could impose any appropriate sentence [No. 3:16-CR-24 Doc. 63 pp. 9–10].[6]  Moreover, petitioner verified that he understood that he could receive any sentence up to the mandatory maximum sentence of 20 years [*Id.* at 16–17].  Based on these acknowledgements, petitioner cannot demonstrate prejudice. *See United States v. Pola*, 703 F. App'x 414, 423 (6th Cir. 2017) ("When an ineffective-assistance claim is based on misleading information regarding the consequences of a plea, a proper plea colloquy is generally deemed to cure any misunderstanding the defendant may have had about the consequences of the plea. . . . Otherwise, the plea colloquy process would be rendered meaningless if a defendant could reopen the record by later asserting that actually, he misunderstood." (citations omitted)).

What is more, petitioner's plea agreement provides that the Court was not bound by the Rule 11(c)(1)(B) provisions [Doc. 3:16-CR-24 Doc. 25 ¶ 6].  The rationale for enforcing plea agreements after a proper plea colloquy "is especially applicable where the

---

[6] Petitioner argues the Court's plea colloquy was inconsistent because in one instance, the Court stated his plea agreement was binding, and in another instance, the Court said the plea agreement was not binding [Doc. 6 pp. 22–23, 44–46]. Petitioner specifically refers to the Court's separate statements regarding the Rule 11(c)(1)(A) and (c)(1)(B) provisions in his plea agreement [*See id.*].

It is true the Court stated petitioner would have the right to withdraw his plea agreement if the Court rejected the plea agreement's Rule 11(c)(1)(A) provision whereas the same was not true with respect to the Rule 11(c)(1)(B) provisions [No. 3:16-CR-24 Doc. 63 pp. 9–13]. However, with respect to all of these provisions—and particularly with respect to the Rule 11(c)(1)(B) provisions—the Court made clear and petitioner indicated he understood that these provisions did not bind the Court and that petitioner could receive any appropriate sentence [*Id.*].

16

term of a plea agreement about which a petitioner claims to have been misled by counsel is 'unambiguous on its face.'" *See Shakir*, 2019 U.S. Dist. 195943, at *29 (quoting *McAdoo v. Elo*, 365 F.3d 487, 497 (6th Cir. 2004)); *see also White v. United States*, Nos. 1:13-CR-89-HSM-SKL, 1:15-CV-143-HSM, 2018 U.S. Dist. LEXIS 103116, at *11–12 (E.D. Tenn. June 20, 2018) (rejecting the argument that counsel was ineffective for failing to advise the petitioner regarding possible application of the career-offender enhancement because the plea agreement correctly informed the petitioner of his possible sentence and the court conducted a proper plea colloquy).[7]

The Court also rejects petitioner's argument that counsel was ineffective because she used fear to solicit his plea agreement. Petitioner argues counsel coerced his guilty plea because petitioner could have received a longer sentence had he proceeded to trial [*See* Doc. 1 p. 11]. The Court rejects this argument because, during his change of plea hearing, petitioner affirmed that his guilty plea was voluntary and uncoerced [No. 3:16-CR-24 Doc. 63 pp. 7–8]. *See Steward v. United States*, No. 16-6181, 2017 U.S. App. LEXIS 14057, at *5–6 (6th Cir. Mar. 16, 2017) (refusing to grant a certificate of appealability when the petitioner claimed counsel coerced her into pleading guilty because the petitioner stated during her plea colloquy that her plea was uncoerced).[8] Having

---

[7] The Court notes that applying the vulnerable victim enhancement was not even inconsistent with petitioner's plea agreement. The Rule 11(c)(1)(B) provisions state only that the enumerated sentencing guidelines would or would not apply [No. 3:16-CR-24 No. 25 ¶ 6]. They do not, however, provide that *other* guidelines would or would not apply.

[8] To the extent petitioner argues his plea was involuntary, the Court rejects this argument for the same reasons already discussed. *See also Reeves v. Floyd*, No. 2:19-CV-13484, 2020 U.S. Dist. LEXIS 140436, at *10–12 (E.D. Mich. Aug. 6, 2020) (finding a plea was voluntary when the

17

determined that petitioner failed to demonstrate prejudice, the Court need not consider whether counsel's performance was deficient. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (citation omitted).

### 2. Withdrawal of Plea Agreement

Next, petitioner argues counsel was ineffective in refusing to file a motion to withdraw his guilty plea [Doc. 6 pp. 4, 20–24, 48]. Petitioner asserts he desired to withdraw his plea when he received the PSR and learned he could receive sentencing enhancements not listed in the Rule 11(c)(1)(B) provisions in his plea agreement [*Id.* at 21–24]. Petitioner suggests that despite requesting counsel to file a motion to withdraw, counsel refused because she believed the Court would not permit withdrawal [*Id.* at 21]. Petitioner asserts a motion to withdraw would have been successful because he had the right to withdraw his plea for "any reason" pursuant to Federal Rule of Criminal Procedure 11(d)(1) because the Court deferred acceptance of his "plea" [*Id.*].

Federal Rule of Criminal Procedure 11(d) provides that "[a] defendant may withdraw a plea of guilty[:] . . . (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). As noted, petitioner asserts he could withdraw his plea for "any reason" because

---

petitioner affirmed his plea was uncoerced, acknowledged that he understood his possible penalty, and verified that he understood and was waiving his trial rights). Moreover, in light of the Court's "thorough colloquy," the Sixth Circuit has already stated in this case that petitioner "has no basis for challenging the voluntariness of his guilty plea" [No. 3:16-CR-24 Doc. 65].

18

the Court deferred accepting his plea [Doc. 6 p. 21]. However, petitioner is incorrect that the Court deferred acceptance of his plea. The Supreme Court has clarified that a court may accept a guilty *plea* but defer for a later determination whether to accept the *plea agreement* and that "the acceptance of the two can be separated in time." *United States v. Hyde*, 520 U.S. 670, 674 (1997). In this case, at the change of plea hearing, the Court unambiguously accepted petitioner's *plea* and unambiguously deferred the decision as to whether to accept his *plea agreement* [No. 3:16-CR-24 No. 63 pp. 12, 20]. *Cf. United States v. Blackwell*, No. 17-1903, 2018 U.S. App. LEXIS 9119, at *3–4 (6th Cir. Apr. 11, 2018) (affirming the district court's refusal to permit a defendant to withdraw his guilty plea in similar circumstances).

Because the Court accepted petitioner's plea at the change of plea hearing, for petitioner to have prevailed on a motion to withdraw, he would have needed to provide a "fair and just reason" for withdrawal. *See id.* (first citing *Hyde*, 520 U.S. at 671; and then citing Fed. R. Crim. P. 11(d)(2)(B)). The "fair and just reason" standard is designed to permit a defendant who has "hastily entered" a plea to withdraw his plea, "not to allow a defendant [who made] a tactical decision to enter a plea" to "wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Simmons*, 794 F. App'x 461, 466 (6th Cir. 2019) (citation omitted). Accordingly, when a defendant's guilty plea was knowing and voluntary, "the occasion for setting aside a guilty plea should seldom arise" because "withdrawal of a guilty plea is inherently in

19

derogation of the public interest in finality and the orderly administration of justice." *Id.* (citation omitted).

In light of these principles, a defendant has the burden to provide a "fair and just reason" for withdrawal, and courts must consider several nonexclusive factors in determining whether the defendant has met this burden. *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citations omitted). Specifically, the court must consider:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* (citation omitted) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). The final factor, prejudice to the government, need not be addressed until the defendant establishes a "fair and just reason" for withdrawal. *See United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (citation omitted).

The Court finds that petitioner has failed to establish prejudice. Even if counsel presented a motion to withdraw, there is no reasonable probability that the Court would have granted that motion because the *Bashara* factors would not have supported withdrawal. First, based on petitioner's filings, petitioner sought withdrawal in August 2017, three months after he entered his plea agreement [*See* Doc. 6 p. 48]. Thus, petitioner did not "hastily enter[]" his plea; instead, he "wait[ed] several weeks" to seek withdrawal after deciding "he made a bad choice." *Simmons*, 794 F. App'x at 466. Second, while

20

petitioner suggests he sought withdrawal when he learned he could receive additional sentencing enhancements, the Court finds this is not a valid reason for failing to file a motion to withdraw earlier because petitioner acknowledged that he understood his Rule 11(c)(1)(B) provisions were not binding during his plea colloquy and in his plea agreement. *See supra* Part III.B.1.  Third, petitioner admitted his guilt at the change of plea hearing by agreeing to the summary of his offense the government provided [No. 3:16-CR-24 Doc. 63 pp. 12–16].  Fourth, petitioner's plea was entered knowingly and voluntarily after the Court verified that he understood the consequences of his plea.  *See supra* Part III.B.1.  Fifth, petitioner's nature and background weigh against withdrawal given petitioner's education and intelligence reflected by his completion of an associate's degree program and receipt of several certificates.  *See Ellis*, 470 F.3d at 285 (finding this factor weighed against withdrawal when the defendant was highly educated and understood the nature and consequences of his plea).  Finally, while petitioner had no criminal history at the time of his plea [*See* No. 3:16-CR-24 Doc. 34 ¶¶ 48–54], as noted, petitioner had sufficient intelligence to understand the nature and consequences of his plea.

In attempting to demonstrate prejudice, petitioner argues that upon withdrawal, he would have proceeded to trial and could have "rebutt[ed] the Government's assertions and narrative and in other instances mitigate[d] his . . . culpability . . . ." [Doc. 17 p. 16]. Petitioner further argues it is "unknowable how [petitioner's] testimony would have had an effect on the outcome of the case, therefore it is impossible to conclude that the violation of [petitioner's] rights to trial . . . were [sic] harmless . . . ." [*Id.*].  Alternatively, petitioner

states he may have accepted a "better plea deal" [*Id.*]. These conclusory allegations are not sufficient to demonstrate prejudice as petitioner does not even argue that any motion to withdraw would have been granted. *See Hill v. Christiansen*, No. 2:20-CV-10572, 2021 U.S. Dist. LEXIS 55099, at *18 (E.D. Mich. Mar. 24, 2021) (rejecting an argument that counsel was ineffective for failing to move to withdraw when the petitioner failed to identify a meritorious basis for withdrawal).[9]  Having determined that petitioner failed to demonstrate prejudice, the Court need not consider whether counsel's performance was deficient. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (citation omitted).

### C.     Alleged Errors Regarding Sentencing

#### 1.     Information in the PSR

Petitioner argues that counsel was ineffective for failing to object to allegedly-false factual statements and material omissions in the PSR [Doc. 6 pp. 24–25, 33].  First, petitioner argues the PSR improperly characterized a previous incident with petitioner's wife as "domestic violence" when the incident was caused by petitioner's mental health issues and improperly-prescribed medication [*Id.* at 24–25].  Second, petitioner asserts the

---

[9] Petitioner faults counsel for failing to anticipate and inform petitioner that the PSR would recommend applying the vulnerable victim enhancement, and petitioner suggests withdrawal would have been appropriate on this basis [*See* Doc. 6 pp. 21, 41].  However, "the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal," particularly when the miscalculation relates to the sentencing guidelines. *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990) (citation omitted); *see also United States v. Elliott*, Nos. 6:06-101-DCR, 6:10-7120-DCR, 2011 U.S. Dist. LEXIS 50798, at *17–19 (E.D. Ky. May 11, 2011) (finding counsel was not ineffective when counsel predicted that the defendant would not be sentenced as a career offender).

PSR only reflected negative aspects of his history rather than positive details such as his military service, education, and employment [*Id.* at 25]. Namely, petitioner argues the PSR should have stated: (1) he was a Chief Information Technology Officer rather than stating he was "employed"; (2) he is an "Honorably Retired U.S. Army Veteran" rather than stating he "did not complete his term of service"; and (3) he "completed the equivalent of three (3) associate of Science Degrees" [*Id.*].

The Court finds petitioner has failed to establish prejudice. At sentencing, the Court thoroughly analyzed the § 3553(a) factors to support the sentence imposed. For example, the Court emphasized the severity of petitioner's offense, which involved thousands of images and videos that depicted children and/or sadism or masochism [No. 3:16-CR-24 Doc. 58 pp. 36, 41–42]. Further, the Court recognized the need to protect the public from petitioner [*Id.* at 40]. Moreover, the Court noted the impact that child pornography offenses have on children and recognized that the sentence imposed did not cause unwarranted sentencing disparities [*Id.* at 41–42]. Despite these factors, though, the Court granted a variance in part based on petitioner's mental health conditions and counsel's argument with respect to the vulnerable victim enhancement [*Id.* at 42].

Given this analysis, there is no reasonable probability that the modifications petitioner urges would have affected his sentence. As to petitioner's argument that the PSR mischaracterized an altercation between petitioner and his wife, the Court did not even mention this altercation during the sentencing hearing [*See id.* at 33–43]. *See United States v. Solomon*, Nos. 12-20847, 16-10856, 2017 U.S. Dist. LEXIS 63736, at *6–8 (E.D. Mich.

23

Apr. 27, 2017) (finding a petitioner did not demonstrate prejudice when he argued the PSR incorrectly stated that certain child pornography images displayed bestiality because the court did not reference the images during sentencing). As to petitioner's argument regarding inclusions surrounding his military history, the Court notes the PSR already states that petitioner retired and received an honorable discharge from the Army [No. 3:16-CR-24 Doc. 34 ¶ 61]. Finally, as to petitioner's argument that the PSR should have more clearly detailed his education and work history, the Court finds the proposed changes would have only minutely affected the Court's § 3553(a) analysis.

In sum, the Court's § 3553(a) analysis adequately supported petitioner's sentence, and there is no reasonable probability that the changes to the PSR that petitioner asserts counsel should have raised would have affected his sentence. In any event, petitioner does not even argue these changes would have affected his sentence. Having determined that petitioner failed to demonstrate prejudice, the Court need not consider whether counsel's performance was deficient. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (citation omitted).

### 2. Introduction of Petitioner's Statements at Sentencing

Petitioner argues counsel erred by failing to "challenge or pursue [his] rights . . . under the Fifth Amendment or *Miranda* . . . thus allowing for the inclusion of" petitioner's self-incriminating statements [Doc. 6 pp. 14–16, 31–32, 56–59]. Specifically, petitioner argues counsel should have argued that the Court could not consider during sentencing certain of petitioner's statements, including that he had downloaded child

24

pornography for over 20 years [*Id.*].  Petitioner avers counsel should have moved to suppress or exclude these statements on grounds that: (1) the statements caused the Court to be biased against petitioner; (2) the statements are necessarily false based on petitioner's age; (3) petitioner provided the statements during an unconstitutional custodial interrogation; and (4) introduction of the statements violated Federal Rule of Evidence 403 [*Id.*; Doc. 17 p. 7].

The Court finds petitioner has not demonstrated deficient performance.  While counsel did not move to suppress or exclude petitioner's statements, she did argue petitioner could not have made them given his age and technological limitations [No. 3:16-CR-24 Doc. 58 p. 23], and petitioner does not explain why a motion to suppress or exclude would have been more optimal than counsel's argument or that counsel's argument was unreasonable.  *See Strickland*, 466 U.S. at 689.

Moreover, the Court finds petitioner has not demonstrated prejudice.  The government introduced the statements at issue during its response to counsel's argument for a downward variance [No. 3:16-CR-24 Doc. 58 pp. 20–21].  Yet the Court implicitly found the statements nonprobative by granting a downward variance and expressly found them nonprobative by stating that its analysis of the § 3553(a) factors applied irrespective of petitioner's statements and the duration of petitioner's criminal activity [*Id.* at 32–42].  Thus, petitioner has not shown a reasonable probability that he would have received a lower sentence had counsel moved to suppress or exclude the statements [*See id.*].  Moreover, even if counsel had moved to suppress or exclude the statements, the Court would have

25

denied any such motion as untimely and/or meritless. *See* Fed. R. Crim. P. 12(b)–(c) (stating that a court may set a deadline for motions to suppress and that motions to suppress generally must be made before trial); *United States v. Collier*, 246 F. App'x 321, 334–35 (6th Cir. 2007) (citation omitted) (stating that a defendant waives any untimely motion to suppress); *United States v. Sydnor*, Nos. 6:16-21-DCR-CJS-2, 6:20-34-DCR-CJS, 2020 U.S. Dist. LEXIS 153891, at *28 (E.D. Ky. July 24, 2020) (citations omitted) (stating that even suppressed evidence may be considered at sentencing); *see also* Fed. R. Evid. 1101(d)(3) (stating that the Federal Rules of Evidence do not apply in sentencing proceedings).

### 3. Counsel's Argument Regarding the Vulnerable Victim Enhancement

Petitioner presents two, somewhat-contradictory arguments with respect to counsel's objection at sentencing to application of the vulnerable victim enhancement. First, petitioner argues counsel's arguments were illogical and that counsel should not have raised any objection. Second, petitioner argues counsel should have raised an objection but made different arguments.

#### a. Counsel's Objection

Petitioner argues counsel was deficient in objecting to application of the vulnerable victim enhancement [Doc. 6 pp. 26–27]. Specifically, petitioner asserts counsel's objection was "based on a misapplication" of the guidelines, and petitioner suggests the enhancement was "warranted" [*Id.* at 26]. Petitioner further argues counsel's argument was pretextual

and solely designed to convince petitioner that she was serving his interests [Doc. 1 p. 12; Doc. 6 pp. 26–27].

The Court finds petitioner has failed to demonstrate deficient performance. Counsel's objection and argument derived from recent amendments to U.S.S.G. § 2G2.2 and an ambiguity regarding how the sadism or masochism or infants or toddlers enhancement applies in conjunction with the vulnerable victim enhancement [*See* No. 3:16-CR-24 Doc. 58 pp. 5–6]. Indeed, the Court itself recognized the novel nature of the question counsel presented [*See id.* at 30]. Accordingly, counsel was not unreasonable for raising the issue she presented.

The Court also finds petitioner has failed to establish prejudice. By arguing counsel should not have raised any objection, petitioner necessarily fails to demonstrate prejudice. This is because if counsel had not presented any objection, petitioner necessarily would have received the vulnerable victim enhancement as he ultimately did. Indeed, if counsel had not presented her argument, petitioner may have actually received a greater sentence given that the Court's downward variance was in part based on counsel's argument [*See id.* at 42]. Thus, there is no reasonable probability that petitioner would have received a lesser sentence had counsel not made her argument.

### b. Petitioner's Proposed Argument

Finally, in petitioner's motion to amend, petitioner argues counsel should have raised an objection to the vulnerable victim enhancement but made different arguments [Doc. 16 pp. 6–10]. First, petitioner asserts counsel should have argued the vulnerable

27

victim enhancement based on age could not apply in conjunction with the sadism or masochism enhancement or the prepubescent minor enhancement [*Id.* at 6–7, 9–10]. Second, petitioner argues counsel should have argued under U.S.S.G. § 1B1.1 that the images and videos depicted more infants or toddlers than sadism or masochism and therefore that the Court should have applied the infants or toddlers alternative rather than the sadism or masochism alternative, thereby precluding application of the vulnerable victim enhancement on the basis of age [*Id.* at 7–10].

The Court finds petitioner has not demonstrated prejudice. As background, U.S.S.G. § 2G2.2 provides the offense level for offenses involving distribution of child pornography. U.S.S.G. § 2G2.2(b)(2) requires a two-point enhancement "[i]f the material involved a prepubescent minor or a minor who had not attained the age of 12 years." U.S.S.G. § 2G2.2(b)(4) requires a four-point enhancement if the material depicted: "(A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler." Meanwhile, U.S.S.G. § 3A1.1(b)(1) provides for a two-point enhancement if "the defendant knew or should have known" the offense involved a vulnerable victim. Notably, the commentary to U.S.S.G. § 2G2.2 provides that a court should not apply the vulnerable victim enhancement if U.S.S.G. § 2G2.2(b)(4)(B) applies. U.S.S.G. § 2G2.2 cmt. n.4 (2018). Similarly, the commentary to U.S.S.G. § 3A1.1 provides that courts should not apply the vulnerable victim enhancement if the specific offense guideline already provides for an enhancement based on the age of the victim

28

unless the victim is "unusually vulnerable for reasons unrelated to age." U.S.S.G. § 3A1.1 cmt. n.2 (2018).

Thus, as noted, petitioner first argues counsel should have argued the vulnerable victim enhancement based on the age of the victims should not have applied because petitioner already received the prepubescent minor enhancement and an enhancement under U.S.S.G. § 2G2.2(b)(4) [*See* Doc. 16 pp. 6–7, 9–10]. The Court finds petitioner necessarily cannot demonstrate deficient performance as to this argument because counsel in fact presented this exact same argument at sentencing [No. 3:16-CR-24 Doc. 58 pp. 4–10]. Moreover, the Court finds petitioner necessarily cannot demonstrate prejudice because there is no reasonable probability that counsel making these arguments would have affected petitioner's sentence given that counsel in fact made these arguments and the Court rejected them. *See also Robinson v. Hill*, No. 2:13-CV-1311-TJH (KES), 2018 U.S. Dist. LEXIS 227290, at *170–71 (C.D. Cal. Sept. 7, 2018) (finding a petitioner could not demonstrate prejudice when the court addressed the issue the petitioner asserted counsel should have raised).

Petitioner's second argument is that counsel should have argued that the Court should not have applied the vulnerable victim enhancement after considering U.S.S.G. § 1B1.1 [Doc. 16 pp. 7–9]. As background, the commentary to U.S.S.G. § 1B1.1 provides that when a specific offense characteristic subsection that provides for an enhancement is written in the alternative, "only the [alternative] that best describes the conduct is to be used." U.S.S.G. § 1B1.1 cmt. n.4(A). Thus, petitioner argues the Court needed to consider

29

whether the sadism or masochism alternative or the infants or toddlers alternative better described petitioner's conduct [Doc. 16 pp. 7–10]. Petitioner argues that the government and the PSR more heavily emphasized that the material involved infants or toddlers [*Id.*]. Therefore, petitioner argues counsel should have argued that the Court apply the infants or toddlers alternative and therefore not apply the vulnerable victim enhancement based on the victims' age [*Id.*].

The Sixth Circuit recently rejected petitioner's argument in *United States v. Nichols*, 943 F.3d 773 (6th Cir. 2019). The Sixth Circuit noted that where multiple alternative guidelines apply equally, the commentary to U.S.S.G. § 1B1.1 requires that the court apply the enhancement that results in the greater offense level, and by applying the sadism or masochism alternative, a court may also apply the vulnerable victim enhancement on the basis of age. *Id.* at 775 (quoting U.S.S.G. § 1B1.1 cmt. n.5). Moreover, the court stated that where a child pornography offense involves depictions of both sadism or masochism and infants or toddlers, the court need not review all of the material to determine whether there are more images depicting either type of material. *Id.* Rather, as long as both types of material are present, the alternatives are equally applicable, and therefore, the commentary to U.S.S.G. § 1B1.1 requires that the court apply the sadism or masochism alternative because doing so results in also applying the vulnerable victim enhancement, and such corresponds to a greater offense level than applying the infants or toddlers alternative alone. *Id.* at 775–76.

Thus, the Court finds petitioner cannot demonstrate prejudice. As in *Nichols*, the material underlying petitioner's convictions contained both depictions of sadism or masochism and infants or toddlers [No. 3:16-CR-24 Doc. 34 ¶ 25]. The Court recognized this fact at sentencing [*See* No. 3:16-CR-24 Doc. 58 p. 31]. Therefore, both alternatives were equally applicable, and the Court applied the sadism or masochism alternative and the vulnerable victim enhancement.

What is more, even if petitioner's argument was meritorious and counsel would have presented it, there is still no reasonable probability that petitioner would have received a lesser sentence. This is because while petitioner may have had a lower guidelines range without the vulnerable victim enhancement, petitioner likely would not have received a downward variance given that the Court's downward variance was partially based on its decision to apply the vulnerable victim enhancement [*See id.* at 42]. And the term of imprisonment petitioner received is near the middle of the guidelines range that would have applied had petitioner's argument prevailed. Having determined that petitioner failed to demonstrate prejudice as to this argument, the Court need not consider whether counsel's performance was deficient. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (citation omitted).

## IV.    Conclusion

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1] and motion to amend [Doc. 16] will be **DENIED**. Therefore, this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal

from this action would not be taken in good faith and would be totally frivolous. Therefore, the Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, a certificate of appealability **SHALL NOT ISSUE**. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE