UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:16-CR-24-TAV-DCP |
| ) | |
| JAMES EDWARD HIATT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1) [Doc. 103], letters of support [Doc. 106], and counseled supplemental motion for compassionate release [Sealed Doc. 112]. The government has responded in opposition [Sealed Doc. 116]. For the reasons set forth more fully below, defendant's motions [Doc. 103; Sealed Doc. 116] will be **DENIED**.

**I.    Background**

On May 16, 2017, defendant pleaded guilty to Counts One and Two of the indictment charging him with knowingly distributing material containing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) [Docs. 25, 29]. For Counts One and Two, defendant was sentenced to a term of imprisonment of 168 months, to run concurrently, followed by a term of supervised release of 14 years [Doc. 54]. Defendant was also assessed a $200 special assessment and was ordered to pay restitution in the amount of $4,000 [*Id.*].

In March 2022, defendant filed his first motion for compassionate release [Doc. 81]. The Court denied the motion because it found that the § 3553(a) factors militated against granting him relief [Doc. 99]. In February 2025, defendant filed his instant pro se motion

[Doc. 103], which was supplemented by a counseled motion in August [*See* Sealed Doc. 112]. Defendant is scheduled for release on January 24, 2028. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 18, 2025).

## II. Standard of Review

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 103; Sealed Doc. 116].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting

*Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that defendant has "largely satisfied" the exhaustion requirement [Sealed Doc. 116, pp. 2–3]. Although it notes that some aspects of defendant's instant request differ from those he originally presented to the BOP, the government has elected to waive enforcement of the exhaustion requirement as to his family circumstances [*Id.* at 3 n.1]. Defendant attaches what appears to be a copy of an email request to the BOP Warden, which appears to have been rejected on December 17, 2024, prior to the filing of his instant motion [*See* Doc. 103, pp. 15–17]. Therefore, given that defendant appears to have satisfied the exhaustion requirement and in light of the government's waiver of enforcing potentially unexhausted claims, the Court will proceed to evaluate the merits of defendant's motion. *See Elias*, 984 F.3d at 519.

B. **Section 3553(a) Factors**

As noted above, the Court need not address all of the requirements of § 3582(c)(1)(A) if one is lacking. *Id.* In this instance, and as previously noted [*see* Doc. 99], the § 3553(a) factors weigh against granting compassionate release, and therefore, the Court declines to address whether defendant has established extraordinary and compelling grounds for release.

Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching"

4

inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). 18 U.S.C. § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. *Id.*

In finding that the § 3553(a) factors, and particularly, the nature and circumstances of this offense and the history and characteristics of the defendant, weigh against granting compassionate release, the Court reiterates its conclusions from its previous denial of defendant's motion for compassionate release:

> The Court begins with the criminal conduct at issue in this case. The presentence investigation report indicates that on or about December 2, 2015, and on or about January 5, 2016, undercover law enforcement officers connected to defendant's computer and downloaded digital videos depicting prepubescent minors engaged in sexually explicit conduct [Doc. 34, ¶¶ 14–15]. Thereafter, defendant admitted to knowingly using peer-to-peer file sharing software to obtain child pornography for over 20 years [*Id*. at ¶¶ 17, 22]. He also acknowledged that he knew that others were able to download child pornography from his computer while he was connected to the Internet and downloading child pornography [*Id*. at ¶ 17]. A forensic examination of defendant's computer revealed that peer-to-peer file sharing software was installed on defendant's computer [*Id*. at ¶ 18]. Forensic personnel extracted from defendant's computer thousands of image and video files depicting minors engaged in sexually explicit conduct, and several images depicted sadism or masochism, toddlers or infants, or both [*Id*. at ¶¶ 18, 23–25].
>
> The Court has considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences

5

available, the guideline sentencing range, and the need to avoid unwarranted disparities. *Id*.

The seriousness of the offense is particularly prevalent in this case, where defendant's offense involved thousands of images and videos on his computer depicting sadism or masochism, toddlers or infants, or both. The severity of defendant's offense is highlighted by the impact statements written by some of his victims who urge the Court to not grant defendant's request for release [*See* Doc. 94-2]. The Court recognizes defendant's service in the military, his educational background, and his timely payment of restitution. The Court also recognizes defendant's efforts to rehabilitate and better himself in prison as well as his risk of recidivism. However, the Court finds that these factors do not outweigh the other sentencing factors as discussed. Thus, the Court finds the § 3553(a) factors weigh against compassionate release.

As noted above, defendant was sentenced to a term of imprisonment of 168 months, and he is due to be released January 24, 2028, approximately five years from now. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this instance, although defendant has served a majority of his sentence, he still has a significant amount of time left to serve. The Court finds that the length of time left on defendant's sentence is another factor that weighs against compassionate release.

The Court is aware of defendant's medical conditions and the risk that the ongoing pandemic poses to defendant and others. That risk is somewhat lessened by the fact that the Bureau of Prisons has begun vaccinating inmates against COVID-19, and defendant himself has been vaccinated [*See* Doc. 95, p. 16]. In addition, as the Court noted above, only one individual at defendant's facility currently has COVID-19. The Court in no way diminishes the risk COVID-19 continues to present, but the Court must still balance the § 3553(a) factors against all other relevant evidence.

Defendant also points to the lack of general medical care that he has received at FCI Ashland. However, his medical records demonstrate that he has been treated for numerous medical issues. As already mentioned, he has been vaccinated against Covid-19 [*Id.*]. In addition, he has consulted with medical staff regarding his poor eyesight, his left ankle and foot pain, eczema, osteoarthritis, and other medical conditions [*Id.* at 1, 7, 10]. Thus, defendant's

claims of are directly disputed by his medical records and do not constitute a reason for compassionate release.

[Doc. 99, pp. 6–9].

The seriousness of defendant's criminal conduct continues to militate against his release. While defendant has now served approximately 113 months of his 168-month sentence [*See* Sealed Doc. 116-1, p. 1], there is still a significant percentage of his sentence remaining. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate.").

While the Court has declined to address whether defendant has established extraordinary and compelling grounds for release, it nevertheless considers defendant's arguments regarding his family and medical circumstances to the extent that such arguments implicate the § 3553(a) factors [*See, e.g.*, Sealed Doc. 112, pp. 3–10]. These additional considerations, however, do not ultimately shift the balance of the totality of the § 3553(a) factors in favor of early release in this case. The Court also recognizes defendant's completion of educational programming and maintenance of a mostly incident-free disciplinary record during his incarceration [*Id.* at 11–12], but these positive reports similarly fail to outweigh the seriousness of his offense conduct and the significant period of time remaining in his sentence.

Ultimately, in reaching its decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. On the record before the Court, the § 3553(a) factors weigh against early release, and defendant's motions for compassionate release [Doc. 103; Sealed Doc. 116] are hereby **DENIED**.

7

## IV. Conclusion

For the reasons set forth more fully above, defendant's motions for compassionate release [Doc. 103; Sealed Doc. 116] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE